Steven J. McCardell (2144)
Kenneth L. Cannon II (3705)
Penrod W. Keith (4860)
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500
smccardell@djplaw.com
kcannon@djplaw.com
pkeith@djplaw.com



Attorneys for Sinofirst Trading and Capital Corporation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>EUROGAS, INC.,<br><br>Debtor. | Bankruptcy Case No.<br>04-28075 WTT<br><br>Chapter 7 |

## MOTION FOR COURT TO FIX FORM OF ASSIGNMENT

Comes Now Sinofirst Trading and Capital Corporation ("Purchaser" or "Sinofirst") by

and through his attorneys of record, Durham Jones & Pinegar and moves this Court to fix the

proper form of assignment respecting a sale approved by this Court pursuant to an Order entered

March 30, 2006 ("Sale Order" Exhibit 1 hereto).  In support of this Motion, the Purchaser states

as follows:

1.      On or about March 28, 2006, Joel Marker, the duly appointed trustee (the

"Trustee) conducted an auction in which he sold on an  "as is" basis, without warranty, all of the

estates interest in certain foreign companies.  Sale Order, Exhibit 1, ¶'s 4 and 9.

2.      Sinofirst was the winning bidder with respect to two of the companies: Eurogas Polska, Sp. Zo.o. and GobeGas B.V.

3.      Subsequently, Sinofirst and the Trustee entered into the Sale and Purchase Agreement attached hereto as Exhibit 2 (the "Sale and Purchase Agreement," this agreement was largely identical for all four sales).

4.      Sinofirst timely paid all consideration due to the Trustee under paragraph 2 of the Sale and Purchase Agreement.

5.      Under paragraph 1 of the Sale and Purchase Agreement, the Trustee is committed to transfer to Sinofirst all of his right, title and interest in the "Property" held by the Debtor "as is, where as, and subject to all claims, liens and encumbrances. . . ." The Property is defined in the sixth recital as the "Equity Interests in the Subsidiary." The Subsidiaries purchased by Sinofirst are defined in the fifth recital as Eurogas Polska and GlobeGas B.V. The fifth recital also defines Equity Interest as any interest "that the Debtor, directly or through one or more subsidiaries, owned" in such companies.

6.      Subsequently, the Trustee sent to the Purchaser the form of assignment attached hereto as Exhibit 3 (Trustee's Proposed Assignment"). In the Trustee's Proposed Assignment at paragraph 1, the Trustee assigns to the Purchaser all of Assignor's right, title and interest in and to the GlobeGas and Eurogas Securities. However, this assignment is subject to the provisions of paragraph 5 of the assignment which reserves to the Trustee assignor any right title or interest that GlobeGas or Eurogas may hold in the Related Subsidiary Securities (See also, paragraph 3

2

of Trustee's Proposed Assignment for similar language). The Related Subsidiary Securities are defined as the securities of Pol-Tex Methane and McKenzie Methane Jastrzebie.

7. The Purchaser became concerned that the Trustee was attempting to reserve property owned by the entities that it had purchased thereby depriving the Purchaser of some of the benefit of its bargain. Accordingly, the Purchaser edited the Trustee's Proposed Assignment as set forth in Exhibit 4 hereto and has asked that the Trustee execute his version of the assignment. The Purchaser believes that his version of the assignment is correct for the reasons set forth below.

8. The Trustee has refused to sign the Purchaser's version of the assignment because he has stated that his version reflects, in his view, the result the estate was attempting to achieve, but the Trustee has conceded that the Court may need to be the final arbiter of this issue and has agreed to a hearing on shortened time and limited notice.

## ARGUMENT

On March 28, 2006, the Trustee conducted an as is, where is sale of the equity interests owned by the estate in four companies. The Trustee never represented or warranted what, if any, interest the estate may hold in any of the companies. The sales were also all "as is" and "where is" in nature. Each party obtained the same information from the Trustee and each party was largely required to do its own due diligence in what if any interest the Trustee held in such companies.

The result of the auction was that Sinofirst was the high bidder and acquired the equity interests, as held by the estate, in two companies: Eurogas Polska and Globegas. The other

3

winning bidder at the auction was Consolidated Seven Rocks Mining, Ltd. ("Consolidated") who purchased the equity interest of two other entities: Pol-Tex Methane and McKenzie Methane Jastrzebie.

Accordingly, the Trustee accomplished the sale of whatever interest he held in those four companies to two purchasers. Apparently, the Trustee has signed assignment documents to Consolidated with respect to its purchase and all obligations with respect to that sale have been completed. Sinofirst has paid its money required under its Sale and Purchase Agreements. However, the Trustee has forwarded a version of an assignment document that is unacceptable to Sinofirst. Sinofirst has sent to the Trustee a version of the assignment acceptable to it. The Trustee should execute Sinofirst's version for the following reasons:

First, the Trustee has committed under the Sale and Purchase Agreement at paragraph 4 (**Transfer of Title**) to "execute any and all documents necessary and as required **by the Purchaser** to cause the transfer of Debtor's ownership and any rights, title and interests in and to the Property." This is no requirement of reasonability or fairness in this language. There is also an integration clause in the Sale and Purchase Agreement making any outside evidence of the intent of this provision irrelevant or subject to special rules. Thus, it is the Purchaser that has, by contract, the final say on the form of assignment, not the Trustee. *Restatements of the Law, Contract, 2d* at § 202 ¶ 3 (where language has a generally prevailing meaning, it is interpreted in accordance with that meaning). Despite, the foregoing absolute duty of the Trustee to execute the Purchaser's form of assignment, the Purchaser's suggested form of assignment is not overreaching or unreasonable as argued below.

4

Second, the Trustee is not entitled to accomplish in the proposed assignment to the Purchaser what he could not accomplish at the auction. In essence, the language in the Trustee's Proposed Assignment indicates that the Trustee may believe that one of the companies purchased by Sinofirst may hold the equity interests in one of the companies purchased by Consolidated. To apparently "set this straight," the Trustee is proposing an assignment to Sinofirst which essentially cuts out of the companies purchased by Sinofirst, any equity interests those companies may hold in the companies purchased by Consolidated. The language proposed by the Trustee to accomplish this end, however, is both unnecessary and/or improper.

The language is unnecessary because the Trustee has already purported to sell to Consolidated whatever equity interests the estate holds two companies: Pol-Tex and McKenzie. This deal has closed and assignment has been made to Consolidated. Thus, whatever interest the estate had in these companies has already been transferred to Consolidated. The deal has closed and the interests have transferred. If the estate owned no interest in either Pol-Tex or McKenzie, then no interest passed. The Trustee warranted nothing in this sale -- he especially did not warrant that the estate held any equity interests in the companies sold. The principle of caveat emptor rules in such auction sales. *In re Laughinghouse,* 51 B.R. 869, 875 (Bankr. E.D.N.C. 1985), *In re Brown,* 67 B.R. 635, 639 (Bankr. E.D. Ark. 1986)( It must be remembered that the doctrine of *caveat emptor* applies in all its force to judicial sales and that it will be *conclusively* presumed that the purchaser agrees to take the title such as it is).

The language is also improper for the same reason. The estate has essentially already transferred its equity interests in Pol-Tex and McKenzie. What the Trustee is attempting to

5

accomplish now is a "belt and suspenders" provision that goes beyond the Trustee's power to effectuate and the Trustee's power over "property of the estate." Essentially the Trustee is saying that even if the estate did not own the equity interests transferred to Consolidated, he wants **Sinofirst**, by agreement - - by language included in the assignment -- to reserve or assign to the estate and thus to Consolidated -- any equity interest **Sinofirst** may have in the companies transferred to Consolidated. Sinofirst, however, never agreed to reserve, in any document executed by the parties or filed with the Court, for the estate any property of the companies whose equity interests it purchased. Sinofirst absolutely never agreed in any document to make any transfer or accommodate any transfer to Consolidated.

This whole issue of the form of assignment rests on the concept of "property of the estate" as defined in Section 541 of the Code. If the estate held the equity securities of the four companies, those equity securities have been sold by the Trustee to the two purchasers. If the estate did not hold those interests, some other right or interest has been sold but the equity securities have not. The Trustee is not entitled to coerce a result in the assignment with Sinofirst, essentially by forcing Sinofirst to agree to a transfer of equity interests, if the estate did not own or have rights to those equity interests in the first place.

All parties had the ability and right to accomplish due diligence to determine what the

Trustee could sell from the Eurogas estate. All the maxims of auction law and "as is" sales

support the result sought by Sinofirst. *See cases cited* supra. The Trustee has acted in good faith

in selling whatever interests the estate held in the four companies. It is now incumbent on the

Trustee to finish the process by executing the assignment document as proposed by the

Purchaser.

DATED this 2nd day of May, 2006.

DURHAM JONES & PINEGAR

By:

Steven J. McCardell
Kenneth L. Cannon II
Penrod W. Keith
111 East Broadway, # 900
P O Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Attorneys for Sinofirst Trading and Capital
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Court to Fix Form of Assignment was

served on this 2nd day of May, 2006 via first-class mail, postage prepaid, on the following:

> Joel T. Marker
> McKay, Burton & Thurman
> 170 South Main Street, Suite 800
> Salt Lake City, UT  84101

> United States Trustee's Office
> 405 South Main Street, Suite 300
> Salt Lake City, UT  84111

> Matthew M. Boley
> Snell & Wilmer
> 15 West South Temple, Suite 1200
> Salt Lake City, UT  84101

> Annette W. Jarvis
> Ray, Quinney & Nebeker
> P O Box 45385
> Salt Lake City, UT  84145-0385

> Ralph R. Mabey
> Stutman Treister & Glatt
> 1901 Avenue of the Stars
> Los Angeles, CA  90067-6013

> Robert B. Lochhead
> Parr Waddoups Brown Gee & Loveless
> 185 South State Street, #1300
> Salt Lake City, UT  84111

# EXHIBIT 1

*So Ordered.* Judith *(signature)* — 3-30-06

ORDER PREPARED AND SUBMITTED BY:

Joel T. Marker (4372)
McKAY, BURTON & THURMAN
Attorneys for Joel T. Marker, Trustee
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Fax: (801) 521-4252
Email: joel@mbt-law.com

RECEIVED

MAR 3 0 2006

US BANKRUPTCY COURT
DISTRICT OF UTAH

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 04-28075 WTT |
| | | Chapter 7 |
| EUROGAS, INC., | : | |
| Debtor. | : | |

### ORDER CONFIRMING FOUR-LOT AUCTION OF DEBTOR'S
### INTERESTS IN CERTAIN AFFILIATES

A hearing on the Trustee's Motion for an Order Approving the Sale of the Debtor's Interest in Certain Affiliates Pursuant to Section 363 of the Bankruptcy Code, dated January 3, 2006 (the Sale Motion) was held on February 9, 2006 before the Honorable William T. Thurman, United States Bankruptcy Judge. The Court entered an order approving the sale (the Sale Order) but postponed the scheduled auction to allow additional marketing of the Property (as defined in the Sale Motion). The Sale Order was entered February 13, 2006 as Docket No. 85.

The Trustee conducted further marketing and advertising for the auction sale of the Property, and the Trustee conducted an auction of the Property, in four separate lots, on March 28, 2006 beginning at 10:00 a.m. Thereafter, a hearing to confirm the winning bidders was held before the Honorable Judith A. Boulden, United States Bankruptcy Judge, on March 30, 2006 at 2:00 p.m. Joel T. Marker attended the hearing as Trustee of the EuroGas, Inc. bankruptcy estate and other parties noted their appearances on the record of the proceeding.

At the sale confirmation hearing the Trustee described his advertising and marketing efforts and reported the following results of the auction:

a.    Lot 1: Eurogas Polska, Sp.zo.o.    The Debtor's interest in the Eurogas Polska entity was purchased by Sinofirst Trading and Capital Corp. (Sinofirst) for $375,000. Bernd Robertz (Robertz) submitted a first place backup bid, accepted by the Trustee, in the amount of $350,000 and Consolidated Seven Rocks Mining, Ltd (Consolidated) submitted a second place backup bid, accepted by the Trustee, for $100,000.

b.    Lot 2:  Pol-Tex Methane, Sp.zo.o.    The Debtor's interest in the Pol-Tex Methane entity was purchased by Consolidated for $325,000. Robertz submitted a backup bid, accepted by the Trustee, in the amount of $100,000.

c.    Lot 3:  GlobeGas, B.V.    The Debtor's interest in the GlobeGas entity was purchased by Sinofirst for $10,000. Consolidated submitted a backup bid, accepted by the Trustee, in the amount of $5,000.

d.    Lot 4:  Mckenzie Methane Jastrzebie, Sp.zo.o.    The Debtor's interest in the Mckenzie Methane Jastrzebic entity was purchased by Consolidated for $5,000. No backup bids were submitted for this lot.

2

Following the Trustee's report, David B. Finlay, President of Sinofirst, and Bohdan Zakiewicz, Chairman of Consolidated, testified concerning their relationships, if any, to the Debtor and its principals and to their participation in the bidding process.

Based upon the pleadings on file, the representations of the parties and their counsel, the evidence presented and good cause appearing it is hereby

ORDERED as follows:

1.      The Trustee's compliance with paragraph 2 of the Sale Order regarding marketing and advertising of the auction sale is hereby approved;

2.      The Trustee has complied with paragraph 3 of the Sale Order regarding inquiry into the market value of the interests to be sold and the Trustee has properly provided such available information to interested parties as set forth in the Procedures and Disclosures Relating to Auction Sale of Debtor's Interest in Certain Affiliates, Docket No. 94;

3.      The Trustee's decision to conduct the auction in four separate lots and his business judgment in determining the other terms and conditions of the auction was reasonable and appropriate in all respects;

4.      The Court confirms the sale of the four separate auction lots as follows:

a.      Lot 1: EuroGas Polska, Sp.zo.o. The Court confirms the sale of the Debtor's interest in the EuroGas Polska entity, if any, to Sinofirst Trading and Capital Corp. for $375,000. The Court also confirms the first position backup bid submitted by Bernd Robertz in the amount of $350,000 and the second position backup bid submitted by Consolidated Seven Rocks Mining, Ltd. in the amount of $100,000.

3

b.   <u>Lot 2: Pol-Tex Methane, Sp.zo.o.</u>  The Court confirms the sale of the Debtor's interest in the Pol-Tex Methane entity, if any, to Consolidated for $325,000. The Court also confirms the backup bid submitted by Robertz in the amount of $100,000.

c.   <u>Lot 3: GlobeGas, B.V.</u>  The Court confirms the sale of the Debtor's interest in GlobeGas entity, if any, to Sinofirst for $10,000.  The Court also confirms the backup bid submitted by Consolidated in the amount of $5,000.

d.   <u>Lot 4: Mckenzie Methane Jastrzebie, Sp.zo.o.</u>  The Court confirms the sale of the Debtor's interest in the Mckenzie Methane Jastrzebie entity, if any, to Consolidated for $5,000;

5.   With respect to the backup bids, in the event a winning bidder fails to complete the purchase of any lot by the Closing Date (as that term is defined in the Sale and Purchase Agreement), then the winning bidder's right to perform shall terminate and the backup bidder shall have ten additional days to close the sale according to the terms of its backup bid;

6.   The Release, in the form attached hereto as Exhibit 1, is approved and the Trustee is authorized to sign and deliver the Release to the respective purchasers at closing;

7.   The Trustee is authorized to execute such documents as may be reasonably necessary to effectuate the transfer and assignment of all the Debtor's right, title and interest in and to the Subsidiaries and the stock of the Subsidiaries;

8.   The Court finds and concludes that Sinofirst and Consolidated are good faith purchasers entitled to the protections of Section 363(m) of the Bankruptcy Code; and

9.   The sales approved by this order shall be without warranty or representation and subject to any and all liens.

---------------------------------------  END OF ORDER  ---------------------------------------

4

**SERVICE LIST**

Joel T. Marker
McKay, Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101

United States Trustee
Boston Building #100
9 Exchange Place
Salt Lake City, UT 84111

Mark A. Weisbart
Kessler Collins, P.C.
5950 Sherry Lane, Suite 222
Dallas, TX 75225

Matthew M. Boley
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

Michael J. Freeman
153 Sevilla Avenue
P.O. Box 140668
Coral Gables, FL 33114-0668

Annette W. Jarvis
RAY QUINNEY & NEBEKER, P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

W. Steve Smith
2015 Crocker Street
Houston, TX 77006

Ralph R. Mabey
Stutman Treister & Glatt
1901 Avenue of the Stars
Los Angeles, CA 90067-6013

David B. Finlay
4020 Marine Drive
West Vancouver, B.C. V7V 1N6

# EXHIBIT 1

## RELEASE

This Release (the "Release"), is made and given this ____ day of _____, 2006, by Joel T. Marker, in his capacity as the duly appointed and acting trustee ("Trustee") of the chapter 7 bankruptcy estate (the "Estate") of Eurogas, Inc. (the "Debtor"), a chapter 7 debtor in that certain bankruptcy proceeding styled *In re EuroGas, Inc.*, Case No. 04-28075 ("Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court"). This Release is made and given for and in consideration of the sum of ten dollars and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, and in accordance with that certain Sale and Purchase Agreement, approved by order of the Bankruptcy Court entered on March 30, 2006.

The Trustee, for and on behalf of the Debtor, the Estate and any person claiming by, through or under them, hereby releases, acquits, holds harmless and forever discharges EuroGas Polska SP.zo.o, GlobeGas B.V., Pol-Tex Methane, Sp.zo.o, and Mckenzie Methane Jastrzebie Sp.zo.o. (collectively, the "Subsidiaries") of and from any and all actions, causes of action, suits, controversies, demands, damages, debts, agreements, contracts, obligations, liabilities, rights and claims of any nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, matured or unmatured, choate or inchoate, which the Debtor or the Estate does or may own or possess from the beginning of the world through the date of this Release against any of the Subsidiaries, *without limitation*, including any claims of the Debtor or the Estate under 11 U.S.C. §§ 541, 542, 544, 547, 548, 549, 550 and 553.

This Release shall be governed by, construed, and interpreted in accordance with the laws of the State of Utah.

> _____
> Joel T. Marker, chapter 7 trustee
> *In re EuroGas, Inc.*, Case No. 04-28075

STATE OF UTAH        )
                        :ss.
COUNTY OF SALT LAKE  )

The foregoing instrument was acknowledged before me this ____ day of _____, 2006 by Joel T. Marker, Trustee, who personally appeared before me at the time of notarization and who is personally known to me or who has produced proper identification and who did take an oath.

> _____
> Notary Public, State of Utah

389141

# EXHIBIT 2

## SALE AND PURCHASE AGREEMENT

This Sale and Purchase Agreement (this "Agreement"), is made and entered into as of the 10th day of April, 2006, by and among Sinofirst Trading and Capital Corp. (the "Purchaser"), and Joel T. Marker, the duly appointed Chapter 7 Trustee for the bankruptcy estate of EuroGas, Inc. (The "Seller").

## RECITALS:

**WHEREAS**, on or about on May 18, 2004 (the "Petition Date") an involuntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed against EuroGas, Inc. (The "Debtor") commencing that certain bankruptcy case styled *In re EuroGas, Inc.*, Case No. 04-28075 (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Utah, Salt Lake City Division (the "Bankruptcy Court"); and

**WHEREAS**, on or about October 20, 2004 (the "Relief Date"), the Bankruptcy Court entered an Order for Relief against the Debtor;

**WHEREAS**, subsequent to the Relief Date, Joel T. Marker was appointed Chapter 7 Trustee for the Estate by the Office of the United States Trustee, and

**WHEREAS**, in his capacity as Chapter 7 Trustee Seller is the duly appointed representative of the Debtor's bankruptcy estate (the "Estate"); and

**WHEREAS**, as of the Petition Date it is believed, upon information and belief, that the Debtor, directly or through one or more subsidiaries, owned the equity interests (the "Equity Interests") in EuroGas Polska Sp.zo.o ( the "Subsidiary"); and

**WHEREAS**, pursuant to Section 541(a) of the Bankruptcy Code the Equity Interests in the Subsidiary (the "Property") constitute property of the Debtor's bankruptcy estate; and

**WHEREAS**, the Purchaser has offered to purchase the Property from the Estate for the sum of $375,000 (the "Purchase Price); and

**WHEREAS**, Seller, subject to approval of the Bankruptcy Court, has accepted the Purchaser's offer and has agreed to sell the Property to Purchaser.

**NOW, THEREFORE**, for and in consideration of the mutual covenants and promises set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Seller, on behalf of the Estate, and Purchaser, intending to be fully bound, agree as follows:

1.  **Sale of the Property**.  Subject to the conditions set forth in paragraph 5 below, Seller shall sell any and all rights, title and interests in and to the Property held by Debtor to Purchaser and Purchaser shall purchase from Seller any and all rights, title and interests in and to the Property held by Debtor from Seller, as is, where as, and subject to all claims, liens and encumbrances save and except those released under this Agreement, for the sum of $375,000 upon entry of a final order by the Bankruptcy Court approving Trustee's Motion to Approve Sale of Property (the "Sale Order"), and upon the terms and conditions agreed to by the parties as set forth below.

2.  **Payment of Purchase Price**.  Subject to paragraph 6 below, Purchaser shall pay the Purchase Price to Seller by delivering to Seller the sum of $375,000 in certified funds on or before the Closing Date.

3.  **Closing Date**.  The "Closing Date" shall be the eleventh (11th) day following the Sale Order becoming a final non-appealable order.  In the event an appeal of the Sale Order is taken, the Closing Date shall be the eleventh (11th) day following the day from which such appeal is final.

4.  **Transfer of Title**.  The Property shall be transferred by Seller to Purchaser at the Closing.  Upon receipt of the Purchase Price, Seller shall execute any and all documents necessary and as required by Purchaser to cause the transfer of Debtor's ownership and any rights, title and interests in and to the Property.  Purchaser understands and acknowledges that the Property will be transferred subject to all claims, liens and encumbrances save and except those released under this Agreement.

5.  **Preservation of Interests and Property Rights**.  This Agreement is expressly conditioned on (i) Seller taking no action to transfer, sell, assign or otherwise dispose of the Property and the assets of the Subsidiary, and (ii) that if necessary and upon request by Purchaser, Seller shall authorize Purchaser, as agent or on Seller's behalf, to take any and all necessary and/or appropriate actions against Debtor's and/or its Subsidiary's officers, directors, managers or shareholders to prevent the transfer, sale, assignment or other disposition of the Property and the real and personal property owned by the Subsidiary.

6.  **Termination of Agreement**.  Purchaser may terminate this Agreement by notifying Seller in writing, at any time prior to the Closing Date in

2

the event Seller violates paragraph 5 above or there are changed circumstances
which affect the value or property rights of the Subsidiary.

7.    **Release of Claims**.  Seller shall execute and deliver a release in the
form of Exhibit "A" attached hereto.

8.    **Representations and Warranties**.  Purchaser expressly
acknowledges that Seller does not make any representations or warranties
concerning Debtor's ownership of the Subsidiary or the assets owned by such
entities.  Purchaser further acknowledges that Seller has not made any
representations concerning the Subsidiary or their assets and in entering this
Agreement Purchaser and has not relied on any representations by Seller in relation
thereto.

9.    **Default**.  In the event Purchaser defaults hereunder, Seller shall
retain Debtor's rights, title and interests in and to the Property.

10.    **Notices**.  Any and all notices or other communications required or
permitted by this Agreement or by applicable law shall be served on or given to
any party hereto shall be given in writing and delivered via certified mail, postage
prepaid or courier service, and via facsimile at the addresses set forth below or at
such other address as it shall hereafter furnish in writing to each party hereto:

If to Purchaser:

> Sinofirst Trading and Capital Corp
> c/o David B. Finlay
> 4020 Marine Drive
> West Vancouver, B.C.
> Canada V7V 1N6

If to Seller:

> Joel T. Marker, Trustee
> McKAY, BURTON & THURMAN
> 170 South Main Street
> Salt Lake City, UT 84101
> Fax: (801) 621-4252
> Email: joel@mbt-law.com

3

11.   **Binding Effect**. The Seller and Purchaser hereby warrant, represent
and agree that this Agreement shall be binding upon them and inure to the benefit
of their successors and assigns. The Seller and Purchaser further warrant, represent
and acknowledge that (a) they have consulted with legal counsel in connection
with this Agreement, (b) they have carefully read and understand the terms and
provisions of this Agreement, (c) they willingly and with knowledge entered into
this Agreement, and (d) the agreements contained herein are the product of an
arms-length negotiation and that this Agreement is not subject to fraud, duress or
overreaching.

12.   **Governing Law and Venue**. This Agreement shall be governed
and construed in accordance with the laws of the State of Utah. Any dispute or
controversy in connection with the performance or terms of this Agreement shall
be brought in the Bankruptcy Court, which court shall have exclusive jurisdiction
to resolve any such dispute or controversy.

13.   **Entire Agreement**. This Agreement constitutes the full and
complete agreement between the Seller and Purchaser. This Agreement may be
revised or amended only by written instrument and signed by each of the parties
hereto.

14.   **Advice of Counsel**. The parties represent, acknowledge and
warrant to each other that they have each relied upon the advice of counsel of their
own choosing in entering into this agreement and are not relying upon any
representation, promise, statement, or agreement by any other party hereto or such
party's attorneys, agents, or representatives, not expressly set forth in this
Agreement.

15.   **Authority**. The parties represent and warrant to each other that the
person executing this Agreement has the authority to sign it.

16.   **Jointly Drafted**. This Agreement has been reviewed by counsel for
the Seller and Purchaser and approved as to form and content. Accordingly, this
Agreement shall be deemed to have been jointly drafted by the Seller and
Purchaser for the purpose of applying any rule of construction to the effect that
ambiguities are to be construed against the draftsman.

17.   **Additional Documents**. Seller and Purchaser agree to execute such
additional documents as may be reasonably necessary to effectuate the terms of this
Agreement.

4

18.    **Counterparts**. This Agreement may be executed in multiple parts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

19.    **Bankruptcy Court Approval**. Approval of this Agreement by the Bankruptcy Court and the entry of an order reflecting same is a condition precedent to this Agreement. In the event this Agreement is not approved by the Bankruptcy Court, all of the terms, conditions and agreements contained herein shall be null and void and of no force or effect.

AGREED to by the undersigned on the date set forth above.

CHAPTER 7 ESTATE OF
EUROGAS, INC.

By: _____
    Joel T. Marker
Its: Chapter 7 Trustee

SINOFIRST TRADING AND CAPITAL CORP.

By: _____
    David B. Finlay
Its: President

5

## RELEASE

     This Release (the "Release"), is made and given this ____ day of April, 2006, by Joel T. Marker, in his capacity as the duly appointed and acting trustee ("Trustee") of the chapter 7 bankruptcy estate (the "Estate") of Eurogas, Inc. (the "Debtor"), a chapter 7 debtor in that certain bankruptcy proceeding styled *In re EuroGas, Inc.*, Case No. 04-28075 ("Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court"). This Release is made and given for and in consideration of the sum of ten dollars and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, and in accordance with that certain Sale and Purchase Agreement, approved by order of the Bankruptcy Court entered on March 30, 2006.

     The Trustee, for and on behalf of the Debtor, the Estate and any person claiming by, through or under them, hereby releases, acquits, holds harmless and forever discharges EuroGas Polska Sp.zo.o (the "Subsidiary") of and from any and all actions, causes of action, suits, controversies, demands, damages, debts, agreements, contracts, obligations, liabilities, rights and claims of any nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, matured or unmatured, choate or inchoate, which the Debtor or the Estate does or may own or possess from the beginning of the world through the date of this Release against the Subsidiary, *without limitation*, including any claims of the Debtor or the Estate under 11 U.S.C. §§ 541, 542, 544, 547, 548, 549, 550 and 553.

     This Release shall be governed by, construed, and interpreted in accordance with the laws of the State of Utah.

                                     _____
                                     Joel T. Marker, chapter 7 trustee
                                     *In re EuroGas, Inc.*, Case No. 04-28075

STATE OF UTAH        )
                     :ss.
COUNTY OF SALT LAKE)

     The foregoing instrument was acknowledged before me this ____ day of April, 2006 by Joel T. Marker, Trustee, who personally appeared before me at the time of notarization and who is personally known to me or who has produced proper identification and who did take an oath.

                                     _____
                                     Notary Public, State of Utah

389141



# EXHIBIT 3

## ASSIGNMENT

THIS ASSIGNMENT (the "Assignment") is made and entered into by Joel T. Marker, the duly appointed trustee for the chapter 7 bankruptcy estate of EuroGas, Inc., a Utah corporation (the "Assignor"), in favor of Sinofirst Trading and Capital Corp. (the "Assignee").

## R E C I T A L S

A.     Assignor is the duly appointing and acting trustee of the chapter 7 bankruptcy estate of Eurogas, Inc., a Utah corporation.  Assignor has been appointed and acts in this capacity pursuant to the bankruptcy laws of the United States, in that certain bankruptcy case styled <u>In re EuroGas, Inc.</u>, Case No. 04-28075 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

B.     In his capacity as trustee, pursuant to the bankruptcy laws of the United States, including 11 U.S.C. § 363(b), and pursuant to the authority specifically granted to him by that certain Order Confirming Four-Lot Auction of Debtor's Interests in Certain Affiliates, dated March 30, 2006 [Docket No. 97], entered in the Bankruptcy Case, Assignor has the power to bind Eurogas, Inc., a Utah corporation, and its chapter 7 bankruptcy estate to this transaction.

C.     Pursuant to that certain Sale and Purchase Agreement, dated April 20, 2006 (the "GlobeGas Purchase Agreement"), by and among Assignor and Assignee, Assignor is obligated to assign and transfer to Assignee all of Assignor's right, title and interest (whether held directly or indirectly) in and to all currently outstanding equity interests (the "GlobeGas Securities") of GlobeGas, B.V., an entity organized under the laws of the Netherlands ("GlobeGas"), upon payment by Assignee to Assignor of the Purchase Price (as defined in the GlobeGas Purchase Agreement);

D.     Assignee has paid, and Assignor is in receipt of, the Purchase Price;

E.     Assignor may be or become obligated to assign and transfer to parties other than Assignee all of its right, title and interest in and to the outstanding equity interests (the "Related Subsidiary Securities") of Pol-Tex Methane, Sp.zo.o. and McKenzie Methane Jastrzebie, Sp.zo.o.

NOW, THEREFORE, in consideration of the Purchase Price and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, Assignor and Assignee hereby agree as follows:

1.     Assignor, for and on behalf of Eurogas, Inc., a Utah corporation, for and on behalf of Eurogas, Inc.'s chapter 7 bankruptcy estate, and for and on behalf of any person claiming by, through or under them, hereby assigns, delivers, transfers, quitclaims and sets over to Assignee all of Assignor's right, title and interest in and to the GlobeGas Securities.  Subject only to the reservation in paragraph 5 below, this assignment is unconditional.

2.     Assignor hereby covenants and agrees that Assignor will, at any time and from time to time, upon request therefor, execute and deliver to Assignee, its successors, nominees and assigns, any new or confirmatory instruments, and do and perform any and all other acts

392829

which any of the Assignee, its successors, nominees and assigns, may reasonably request in order to fully assign, transfer and vest in Assignee, or its successors, nominees and assigns, and to protect its right, title and interest in and to, the GlobeGas Securities in accordance with the laws of the Netherlands and the rules of the Chamber of Commerce of Amsterdam.

3.      Without limiting the generality of Section 2 of this Assignment, Assignor hereby covenants and agrees that in connection with any transfer or assignment of Assignor's interest in the Related Subsidiary Securities, Assignor shall (i) reserve unto itself any rights in and to the GlobeGasGlobe Securities, whether held directly, indirectly or beneficially by Assignor or any subsidiary of Assignor, and (ii) reserve the right to vote any Related Subsidiary Securities to the extent necessary to transfer the GlobeGas Securities to Assignee as contemplated herein.

4.      This Assignment shall be binding upon and shall inure to the benefit of the respective successors and assigns of the parties hereto.

5.      Assignor hereby reserves unto itself any rights in and to the Related Subsidiary Securities, whether held directly, indirectly or beneficially by Assignor or any subsidiary of Assignor, including GlobeGas.  Assignor hereby further reserves the right to vote the GlobeGas Securities to the extent necessary to transfer the Related Subsidiary Securities to any third parties.

6.      This Assignment is made without any representation or warranty.  Paragraph 8 of the GlobeGas Purchase Agreement is incorporated herein by this reference.

IN WITNESS WHEREOF, this Assignment has been executed by Assignor effective as of this _____ day of April, 2006.

                                   **EUROGAS, INC.,** a Utah corporation

                                   By_____
                                        Joel T. Marker
                                        Chapter 7 Bankruptcy Trustee

STATE OF UTAH            )
                                         :ss.
COUNTY OF SALT LAKE  )

        The foregoing instrument was acknowledged before me on the _____ day of April, 2006, by Joel T. Marker, who (i) represented and acknowledged that he had executed the foregoing in his representative capacity as the chapter 7 trustee for EUROGAS, INC., duly appointed in that certain bankruptcy case styled In re EuroGas, Inc., Case No. 04-28075, pending in the United States Bankruptcy Court for the District of Utah, (ii) provided satisfactory evidence of his identity, and (iii) stated, under oath that he had executed the foregoing voluntarily, having full authority to bind Eurogas, Inc. and its chapter 7 bankruptcy estate.

                                   _____

392829                                  - 2 -

NOTARY PUBLIC

# EXHIBIT 4

*Dear Joel  Here is the clean assignment
I want.  No tie's in between any of the
Foudeals  Thanks*

## ASSIGNMENT

THIS ASSIGNMENT (the "Assignment") is made and entered into by Joel T. Marker, the duly appointed trustee for the chapter 7 bankruptcy estate of EuroGas, Inc., a Utah corporation (the "Assignor"), in favor of Sinofirst Trading and Capital Corp. (the "Assignee").

## RECITALS

A.  Assignor is the duly appointing and acting trustee of the chapter 7 bankruptcy estate of Eurogas, Inc., a Utah corporation. Assignor has been appointed and acts in this capacity pursuant to the bankruptcy laws of the United States, in that certain bankruptcy case styled In re EuroGas, Inc., Case No. 04-28075 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

B.  In his capacity as trustee, pursuant to the bankruptcy laws of the United States, including 11 U.S.C. § 363(b), and pursuant to the authority specifically granted to him by that certain Order Confirming Four-Lot Auction of Debtor's Interests in Certain Affiliates, dated March 30, 2006 [Docket No. 97], entered in the Bankruptcy Case, Assignor has the power to bind Eurogas, Inc., a Utah corporation, and its chapter 7 bankruptcy estate to this transaction.

C.  Pursuant to that certain Sale and Purchase Agreement, dated April 20, 2006 (the "GlobeGas Purchase Agreement"), by and among Assignor and Assignee, Assignor is obligated to assign and transfer to Assignee all of Assignor's right, title and interest (whether held directly or indirectly) in and to all currently outstanding equity interests (the "GlobeGas Securities") of GlobeGas, B.V., an entity organized under the laws of the Netherlands ("GlobeGas"), upon payment by Assignee to Assignor of the Purchase Price (as defined in the GlobeGas Purchase Agreement);

D.  Assignee has paid, and Assignor is in receipt of, the Purchase Price;

~~E.  Assignee may be or become obligated to assign and transfer to parties other than Assignee all of its right, title and interest in and to the outstanding equity interests (the "Related Subsidiary Securities") of Del-Tex Methane, Spino-r and McKenzie Methane Jastrzebie, Spao.o.~~

NOW, THEREFORE, in consideration of the Purchase Price and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, Assignor and Assignee hereby agree as follows:

1.  Assignor, for and on behalf of Eurogas, Inc., a Utah corporation, for and on behalf of Eurogas, Inc.'s chapter 7 bankruptcy estate, and for and on behalf of any person claiming by, through or under them, hereby assigns, delivers, transfers, quitclaims and sets over to Assignee all of Assignor's right, title and interest in and to the GlobeGas Securities. ~~Subject only to the reservation in paragraph 5 below,~~ This assignment is unconditional.

2.  Assignor hereby covenants and agrees that Assignor will, at any time and from time to time, upon request therefor, execute and deliver to Assignee, its successors, nominees and assigns, any new or confirmatory instruments, and do and perform any and all other acts

which any of the Assignee, its successors, nominees and assigns, may reasonably request in order to fully assign, transfer and vest in Assignee, or its successors, nominees and assigns, and to protect its right, title and interest in and to, the GlobeGas Securities in accordance with the laws of the Netherlands and the rules of the Chamber of Commerce of Amsterdam.

3.   ~~Without limiting the generality of Section 2 of this Assignment, Assignor hereby covenants and agrees that in connection with any transfer or assignment of Assignor's interest in the Related Subsidiary Securities, Assignor shall (i) reserve unto itself any rights in and to the GlobeGas Securities, whether held directly, indirectly or beneficially by Assignor or any subsidiary of Assignee, and (ii) reserve the right to vote any Related Subsidiary Securities to the extent necessary to transfer the GlobeGas Securities to Assignee as contemplated herein.~~

**3/**   **4.**   This Assignment shall be binding upon and shall inure to the benefit of the respective successors and assigns of the parties hereto.

~~5.   Assignor hereby reserves unto itself any rights in and to the Related Subsidiary Securities, whether held directly, indirectly or beneficially by Assignor or any subsidiary of Assignor, including GlobeGas. Assignor hereby further reserves the right to vote the GlobeGas Securities to the extent necessary to transfer the Related Subsidiary Securities to any third parties.~~

**4/**   **6.**   This Assignment is made without any representation or warranty. Paragraph 8 of the GlobeGas Purchase Agreement is incorporated herein by this reference.

IN WITNESS WHEREOF, this Assignment has been executed by Assignor effective as of this _____ day of April, 2006.

EUROGAS, INC., a Utah corporation

By_____
    Joel T. Marker
    Chapter 7 Bankruptcy Trustee

STATE OF UTAH    )
              :ss.
COUNTY OF SALT LAKE  )

The foregoing instrument was acknowledged before me on the _____ day of April, 2006, by Joel T. Marker, who (i) represented and acknowledged that he had executed the foregoing in his representative capacity as the chapter 7 trustee for EUROGAS, INC., duly appointed in that certain bankruptcy case styled In re EuroGas. Inc., Case No. 04-28075, pending in the United States Bankruptcy Court for the District of Utah, (ii) provided satisfactory evidence of his identity, and (iii) stated, under oath that he had executed the foregoing voluntarily, having full authority to bind Eurogas, Inc. and its chapter 7 bankruptcy estate.

392829

- 2 -